IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., C.P. PHARMACEUTICALS )
INTERNATIONAL C.V., PF PRISM C.V., )
PBG PUERTO RICO LLC and PF PRISM )
IMB B.V., )
               )
           Plaintiffs, )
               )
         v. )    C.A. No. _____
               )
ORIENT PHARMA CO., LTD., )
               )
           Defendant )

## COMPLAINT

      Pfizer Inc., C.P. Pharmaceuticals International C.V., PF PRISM C.V., PBG Puerto Rico LLC, and PF PRISM IMB B.V. (collectively "Plaintiffs" or "Pfizer"), for their Complaint against Orient Pharma Co., Ltd. ("Defendant" or "Orient"), allege as follows:

## NATURE OF THE ACTION

      1.     This is an action by Pfizer against Orient for infringement of United States Patents Nos. 9,937,181 ("the '181 patent"), 10,639,309 ("the '309 patent"), 11,253,523 ("the '523 patent") (collectively, the "Patents-in-Suit").

      2.     This action arises out of Orient's filing of Abbreviated New Drug Application ("ANDA") No. 219830, seeking approval by the United States Food and Drug Administration ("FDA") to sell generic copies of Pfizer's Xeljanz® XR, 11 mg and 22 mg dosage strengths, (tofacitinib citrate extended-release tablets) prior to the expiration of the Patents-in-Suit. Orient's proposed extended-release tofacitinib citrate products are referred to hereinafter as, respectively, "Orient Generic 11 mg XR Tablets" and "Orient Generic 22 mg XR Tablets," and collectively, "Orient Generic XR Tablets."

## THE PARTIES

3.  Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the state of Delaware and having a place of business at 66 Hudson Boulevard, New York, NY 10001.

4.  Plaintiff C.P. Pharmaceuticals International C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands. Pfizer Inc. is the ultimate parent company of C.P. Pharmaceuticals International C.V.

5.  Plaintiff PF PRISM C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands, and registered at the Trade Register held by the Chamber of Commerce in Rotterdam, the Netherlands, under number 51840456. Pfizer Inc. is the ultimate parent company of PF PRISM C.V.

6.  Plaintiff PBG Puerto Rico LLC is a limited liability company organized and existing under the laws of Puerto Rico and having its business address at Professional Offices Park V, 996 San Roberto Street, 4th Floor, San Juan, Puerto Rico 00926. Pfizer Inc. is the ultimate parent company of PBG Puerto Rico LLC.

7.  Plaintiff PF PRISM IMB B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands. Pfizer Inc. is the ultimate parent company of PF PRISM IMB B.V.

8.  On information and belief, defendant Orient Pharma Co., Ltd. is a company organized and existing under the laws of Taiwan, having its principal place of business at 12th

Floor, No. 128, Section 6, Chengde Road, Beitou District, Taipei City 112052, Taiwan, Republic of China.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, Title 35, United States Code.  The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.      This Court has personal jurisdiction over Orient by virtue of the fact that, *inter alia*, Orient has committed a tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Pfizer throughout the United States, including in the State of Delaware.  In particular, this suit arises out of Orient's filing of ANDA No. 219830 seeking FDA approval to sell Orient Generic XR Tablets prior to the expiration of the Patents-in-Suit throughout the United States, including in Delaware.

11.      On information and belief, if ANDA No. 219830 is approved, Orient Generic XR Tablets will, among other things, be marketed and distributed by Orient in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located in Delaware, and/or used by patients in Delaware.

12.      Orient's infringing activities with respect to its filing of ANDA No. 219830 and its intent to commercialize and sell Orient Generic XR Tablets prior to the expiration of the Patents-in-Suit have led and/or will lead to foreseeable harm and injury to Plaintiffs, including Pfizer Inc., which is incorporated in Delaware.

13.      In the alternative, this Court has personal jurisdiction over Orient under Federal Rule of Civil Procedure 4(k)(2).  Orient has contacts with the United States by virtue, *inter alia*, of its filing ANDA No. 219830 with the FDA.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  As a foreign corporation, Orient may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## BACKGROUND

### Xeljanz XR

15.     The active ingredient in Pfizer's Xeljanz XR product is tofacitinib citrate.  Xeljanz XR contains tofacitinib citrate in an amount equivalent to either 11 mg or 22 mg of tofacitinib base in extended-release tablets formulated for once-daily administration.

16.     The FDA-approved Prescribing Information for Xeljanz XR states that tofacitinib citrate has the following chemical name: (3R,4R)-4-methyl-3-(methyl-7H-pyrrolo [2,3-d] pyrimidin-4-ylamino)-ß-oxo-1-piperidinepropanenitrile,   2-hydroxy-1,2,3-propanetricarboxylate (1:1).

17.     Tofacitinib citrate is an inhibitor of Janus kinases ("JAKs") and is indicated for the treatment of adult patients with moderately to severely active rheumatoid arthritis who have had an inadequate response or intolerance to one or more Tumor Necrosis Factor ("TNF") blockers, for the treatment of adult patients with active psoriatic arthritis who have had an inadequate response or intolerance to TNF blockers, for the treatment of adult patients with active ankylosing spondylitis who have had an inadequate response or intolerance to one or more TNF blockers, and for the treatment of adult patients with moderately to severely active ulcerative colitis who have an inadequate response or who are intolerant to TNF blockers.

### Orange Book Listing for Xeljanz XR

18.     Pfizer Inc. holds approved New Drug Application ("NDA") No. 208246 for EQ 11 mg and 22 mg base tofacitinib citrate extended-release tablets, which it sells under the registered name Xeljanz XR.  As stated in Pfizer's FDA approved label for Xeljanz ("Xeljanz Label"),

Xeljanz XR is approved for the treatment of rheumatoid arthritis, psoriatic arthritis, ankylosing spondylitis, and ulcerative colitis.

19.     Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the Patents-in-Suit are listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for the Xeljanz XR NDA.  The Orange Book entry for Xeljanz XR, 22 mg, includes both the '523 and '309 patents. The Orange Book entry for Xeljanz XR, 11 mg, includes both the '181 and '523 patents.

20.     The Orange Book lists the expiration date for the Patents-in-Suit as March 14, 2034, and states that NDA No. 208246 has exclusivity until September 14, 2034, because the FDA has granted Xeljanz pediatric exclusivity pursuant to § 505A of the Federal Food Drug & Cosmetic Act.

21.     The Orange Book lists one additional patent for Xeljanz XR that is not at issue, U.S. Patent No. RE41,783 (expiring December 8, 2025, with pediatric exclusivity until June 8, 2026).

**The '181 Patent**

22.     On April 10, 2018, the United States Patent and Trademark Office ("USPTO") issued the '181 patent, titled "Tofacitinib Oral Sustained Release Dosage Forms." The '181 patent is duly and legally assigned to Pfizer Inc.  A copy of the '181 patent is attached hereto as Exhibit A.

23.     C.P. Pharmaceuticals International C.V. is the exclusive licensee of the '181 patent.

24.     C.P. Pharmaceuticals International C.V. conveyed rights under the '181 patent to Pfizer Pharmaceuticals LLC, PF PRISM C.V., and Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V.

25.     Pfizer Pharmaceuticals LLC has conveyed its rights to the '181 patent to PBG Puerto Rico LLC.

26.     Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. has conveyed its rights to the '181 patent to PF PRISM IMB B.V.

**The '309 Patent**

27.     On May 5, 2020, the USPTO issued the '309 patent, titled "Tofacitinib Oral Sustained Release Dosage Forms." The '309 patent is duly and legally assigned to Pfizer Inc. A copy of the '309 patent is attached hereto as Exhibit B.

28.     C.P. Pharmaceuticals International C.V. is the exclusive licensee of the '309 patent.

29.     C.P. Pharmaceuticals International C.V. conveyed rights under the '309 patent to Pfizer Pharmaceuticals LLC, PF PRISM C.V., and Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V.

30.     Pfizer Pharmaceuticals LLC has conveyed its rights to the '309 patent to PBG Puerto Rico LLC.

31.     Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. has conveyed its rights to the '309 patent to PF PRISM IMB B.V.

**The '523 Patent**

32.     On February 22, 2022, the USPTO issued the '523 patent, titled "Tofacitinib Oral Sustained Release Dosage Forms." The '523 patent is duly and legally assigned to Pfizer Inc. A copy of the '523 patent is attached hereto as Exhibit C.

33.     C.P. Pharmaceuticals International C.V. is the exclusive licensee of the '523 patent.

34.     C.P. Pharmaceuticals International C.V. conveyed rights under the '523 patent to Pfizer Pharmaceuticals LLC, PF PRISM C.V., and Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V.

35.     Pfizer Pharmaceuticals LLC has conveyed its rights to the '523 patent to PBG Puerto Rico LLC.

36.    Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. has conveyed its rights to the '523 patent to PF PRISM IMB B.V.

**<u>Orient's ANDA</u>**

37.    By letter dated April 30, 2025 (the "Orient Notice Letter"), and received by Pfizer on or around May 1, 2025, Orient notified Pfizer that it had submitted ANDA No. 219830 to the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act to market and sell Orient Generic XR Tablets—generic copies of Xeljanz XR (tofacitinib citrate EQ 11 mg and 22 mg base extended-release tablets)—prior to the expiration of the Patents-in-Suit.

38.    The Orient Notice Letter describes the Orient Generic XR Tablets as "tofacitinib extended-release tablets" containing either 11 mg or 22 mg of tofacitinib citrate.

39.    The Orient Notice Letter states that Orient has filed ANDA No. 219830 to obtain "approval to engage in commercial manufacture, use, or sale" of Orient Generic XR Tablets prior to the expiration of the Patents-in-Suit.

40.    The Orient Notice Letter asserts that ANDA No. 219830 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A) alleging that the Patents-in-Suit "are invalid, unenforceable, and/or will not be infringed by the manufacture, use or sale" of Orient Generic XR Tablets.

41.    Attached to the Orient Notice Letter was Orient's detailed statement asserting the purported factual and legal bases for Orient's contention that the claims of the Patents-in-Suit will not be infringed, literally or under the doctrine of equivalents, by the commercial manufacture, use, sale, or offer for sale in the United States or importation into the United States of Orient Generic XR Tablets.

42.    Orient's detailed statement does not set forth an invalidity argument with respect to any claims of the Patents-in-Suit.

43.    Pursuant to Orient's offer of confidential access under 21 U.S.C. § 355(j)(5)(C)(i)(III) from the Orient Notice Letter, Orient produced a small excerpt of ANDA No. 219830 to Pfizer that did not include Orient's proposed labeling for Orient Generic XR Tablets. Orient refused Pfizer's specific request for Orient's proposed labeling,

44.    On information and belief, upon approval of ANDA No. 219830, Orient will sell and distribute Orient Generic XR Tablets in the United States.

## CLAIMS FOR RELIEF

### COUNT I

**(Infringement of the '181 Patent by Orient Generic 11 mg XR Tablets)**

45.    The allegations of paragraphs 1-44 above are repeated and re-alleged as if set forth fully herein.

46.    Pursuant to 35 U.S.C. § 271(e)(2)(A), Orient's filing of ANDA No. 219830 seeking approval to market and sell Orient Generic 11 mg XR Tablets before the expiration of the '181 patent was an act of infringement, either literally or through the doctrine of equivalents, of at least claim 1 of the '181 patent, entitling Pfizer to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 219830 be a date which is not earlier than the expiration date of the '181 patent, or the later expiration of any exclusivity to which Pfizer is or becomes entitled.

47.    Orient had knowledge of the '181 patent when it submitted ANDA No. 219830 to the FDA.

48.    On information and belief, upon FDA approval of ANDA No. 219830, Orient intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Orient Generic 11 mg XR Tablets into the United States and will thereby directly infringe, either literally or through the doctrine of equivalents, at least claim 1 of the '181 patent under 35 U.S.C. § 271(a).

49.     The foregoing actions by Orient constitute and/or would constitute infringement of at least claim 1 of the '181 patent.

50.     An actual controversy exists relating to Orient's threatened direct infringement of the '181 patent.

51.     Pfizer will be substantially and irreparably harmed if Orient is not enjoined from infringing the '181 patent.  Pfizer has no adequate remedy at law.

## COUNT II

### (Infringement of the '309 Patent by Orient Generic 22 mg XR Tablets)

52.     The allegations of paragraphs 1-51 above are repeated and re-alleged as if set forth fully herein.

53.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Orient's filing of ANDA No. 219830 seeking approval to market and sell Orient Generic 22 mg XR Tablets before the expiration of the '309 patent was an act of infringement, either literally or through the doctrine of equivalents, of at least claim 1 of the '309 patent, entitling Pfizer to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 219830 be a date which is not earlier than the expiration date of the '309 patent, or the later expiration of any exclusivity to which Pfizer is or becomes entitled.

54.     Orient had knowledge of the '309 patent when it submitted ANDA No. 219830 to the FDA.

55.     On information and belief, upon FDA approval of ANDA No. 219830, Orient intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Orient Generic 22 mg XR Tablets in the United States and will thereby directly infringe, either literally or through the doctrine of equivalents, at least claim 1 of the '309 patent under 35 U.S.C. § 271(a).

56.     The foregoing actions by Orient constitute and/or would constitute infringement of at least claim 1 of the '309 patent.

57.     An actual controversy exists relating to Orient's threatened direct infringement of the '309 patent.

58.     Pfizer will be substantially and irreparably harmed if Orient is not enjoined from infringing the '309 patent.  Pfizer has no adequate remedy at law.

<u>**COUNT III**</u>

**(Infringement of the '523 Patent by Orient Generic 11 mg XR Tablets)**

59.     The allegations of paragraphs 1-58 above are repeated and re-alleged as if set forth fully herein.

60.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Orient's filing of  ANDA No. 219830 seeking approval to market and sell Orient Generic 11 mg XR Tablets before the expiration of the '523 patent was an act of infringement, either literally or through the doctrine of equivalents, of at least claim 1 of the '523 patent, entitling Pfizer to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 219830 be a date which is not earlier than the expiration date of the '523 patent, or the later expiration of any exclusivity to which Pfizer is or becomes entitled.

61.     Orient had knowledge of the '523 patent when it submitted ANDA No. 219830 to the FDA.

62.     On information and belief, upon FDA approval of ANDA No. 219830, Orient intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Orient Generic 11 mg XR Tablets in the United States.

63.     On information and belief, the proposed labeling and/or package insert submitted with ANDA No. 219830 copies the indications for rheumatoid arthritis, psoriatic arthritis, ulcerative colitis, and ankylosing spondylitis in Pfizer's Xeljanz Label.

64.     On information and belief, the use of Orient Generic 11 mg XR Tablets in accordance with and as directed by Orient's proposed labeling will directly infringe, either literally or through the doctrine of equivalents, at least claim 1 of the '523 patent.

65.     On information and belief, Orient intends to actively induce infringement of at least claim 1 of the '523 patent.   On information and belief, upon FDA approval, Orient will intentionally encourage acts of direct infringement with knowledge of the '523 patent and knowledge that its acts are encouraging infringement.

66.     On information and belief, unless enjoined by this Court, upon FDA approval, Orient will actively induce infringement of the '523 patent under 35 U.S.C. § 271(b).

67.     On information and belief, Orient intends to contribute to the infringement of at least claim 1 of the '523 patent.  On information and belief, upon FDA approval, Orient will offer to sell or sell the Orient Generic 11 mg XR Tablets within the United States, or will import the Orient Generic 11 mg XR Tablets into the United States, and will thereby contribute to the infringement of at least claim 1 of the '523 patent with knowledge of the '523 patent and knowledge that its acts will lead to infringement of the '523 patent.

68.     On information and belief, Orient knows that Orient Generic 11 mg XR Tablets and the proposed labeling are especially made or adapted for use in infringing at least claim 1 of the '523 patent and that Orient Generic 11 mg XR Tablets and the proposed labeling are not suitable for any substantial noninfringing use.

69.     On information and belief, unless enjoined by this Court, upon FDA approval of the Orient Generic 11 mg XR Tablets, Orient will contribute to the infringement of the '523 patent under 35 U.S.C. § 271(c).

70.     The foregoing actions by Orient constitute and/or would constitute infringement of at least claim 1 of the '523 patent, active inducement of infringement of at least claim 1 of the '523 patent, and/or contribution to the infringement by others of at least claim 1 of the '523 patent.

71.     An actual controversy exists relating to Orient's threatened infringement, active inducement of infringement, and/or contribution to the infringement by others of the '523 patent.

72.     Pfizer will be substantially and irreparably harmed if Orient is not enjoined from infringing the '523 patent by engaging in in the manufacture, use, offer for sale, sale, and/or importation of Orient Generic 11 mg XR Tablets in the United States.  Pfizer has no adequate remedy at law.

## COUNT IV

### (Infringement of the '523 Patent by Orient Generic 22 mg XR Tablets)

73.     The allegations of paragraphs 1-72 above are repeated and re-alleged as if set forth fully herein.

74.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Orient's filing of  ANDA No. 219830 seeking approval to market and sell Orient Generic 22 mg XR Tablets before the expiration of the '523 patent was an act of infringement, either literally or through the doctrine of equivalents, of at least claim 50 of the '523 patent, entitling Pfizer to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 219830 be a date which is not earlier than the expiration date of the '523 patent, or the later expiration of any exclusivity to which Pfizer is or becomes entitled.

75.     Orient had knowledge of the '523 patent when it submitted ANDA No. 219830 to the FDA.

76.     On information and belief, upon FDA approval of ANDA No. 219830, Orient intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Orient Generic 22 mg XR Tablets in the United States.

77.     On information and belief, the proposed labeling and/or package insert submitted with ANDA No. 219830 copies the indications for rheumatoid arthritis, psoriatic arthritis, ulcerative colitis, and ankylosing spondylitis in Pfizer's Xeljanz Label.

78.     On information and belief, the use of Orient Generic 22 mg XR Tablets in accordance with and as directed by Orient's proposed labeling will directly infringe, either literally or through the doctrine of equivalents, at least claim 50 of the '523 patent.

79.     On information and belief, Orient intends to actively induce infringement of at least claim 50 of the '523 patent.  On information and belief, upon FDA approval, Orient will intentionally encourage acts of direct infringement with knowledge of the '523 patent and knowledge that its acts are encouraging infringement.

80.     On information and belief, unless enjoined by this Court, upon FDA approval, Orient will actively induce infringement of the '523 patent under 35 U.S.C. § 271(b).

81.     On information and belief, Orient intends to contribute to the infringement of at least claim 50 of the '523 patent.  On information and belief, upon FDA approval, Orient will offer to sell or sell the Orient Generic 22 mg XR Tablets within the United States, or will import the Orient Generic 22 mg XR Tablets into the United States, and will thereby contribute to the infringement of at least claim 50 of the '523 patent with knowledge of the '523 patent and knowledge that its acts will lead to infringement of the '523 patent.

82.    On information and belief, Orient knows that Orient Generic 22 mg XR Tablets and the proposed labeling are especially made or adapted for use in infringing at least claim 50 of the '523 patent and that Orient Generic 22 mg XR Tablets and the proposed labeling are not suitable for any substantial noninfringing use.

83.    On information and belief, unless enjoined by this Court, upon FDA approval of the Orient Generic 22 mg XR Tablets, Orient will contribute to the infringement of the '523 patent under 35 U.S.C. § 271(c).

84.    The foregoing actions by Orient constitute and/or would constitute infringement of at least claim 50 of the '523 patent, active inducement of infringement of at least claim 50 of the '523 patent, and/or contribution to the infringement by others of at least claim 50 of the '523 patent.

85.    An actual controversy exists relating to Orient's threatened infringement, active inducement of infringement, and/or contribution to the infringement by others of the '523 patent.

86.    Pfizer will be substantially and irreparably harmed if Orient is not enjoined from infringing the '523 patent by the manufacture, use, offer for sale, sale, and/or importation of Orient Generic 22 mg XR Tablets in the United States.  Pfizer has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Pfizer requests the following relief:

A.    A judgment that Orient's submission of ANDA No. 219830 was an act of infringement and that Orient's making, using, offering to sell, selling, or importing Orient Generic 11 mg XR Tablets in the United States prior to the expiration of the '181 and '523 patents will directly infringe, actively induce infringement, and/or contribute to the infringement of those patents;

B.    A judgment that the effective date of any FDA approval for Orient to make, use, offer for sale, sell, market, distribute, or import Orient Generic 11 mg XR Tablets into the United

States be no earlier than the date on which the '181 and '523 patents expire, or the later expiration of any exclusivity to which Pfizer is or becomes entitled;

C.     A permanent injunction enjoining Orient, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making, using, selling, offering for sale, marketing, distributing, or importing Orient Generic 11 mg XR Tablets into the United States, and from inducing or contributing to any of the foregoing, prior to the expiration of the '181 and '523 patents, or the later expiration of any exclusivity to which Pfizer is or becomes entitled;

D.     A judgment that Orient's submission of ANDA No. 219830 was an act of infringement and that Orient's making, using, offering to sell, selling, or importing Orient Generic 22 mg XR Tablets in the United States prior to the expiration of the '309 and '523 patents will directly infringe, actively induce infringement, and/or contribute to the infringement of each of those patents;

E.     A judgment that the effective date of any FDA approval for Orient to make, use, offer for sale, sell, market, distribute, or import Orient Generic 22 mg XR Tablets into the United States be no earlier than the dates on which the '309 and '523 patents expire, or the later expiration of any exclusivity to which Pfizer is or becomes entitled;

F.     A permanent injunction enjoining Orient, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making, using, selling, offering for sale, marketing, distributing, or importing Orient Generic 22 mg XR Tablets into the United States, and from inducing or contributing to any of the foregoing, prior to the expiration of the '309 and '523 patents, or the later expiration of any exclusivity to which Pfizer is or becomes entitled;

G.      A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling

Pfizer to an award of its reasonable attorneys' fees for bringing and prosecuting this action;

H.      An award of Pfizer's costs and expenses in this action; and

I.      Such further and additional relief as this Court deems just and proper.



                                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                              /s/ Megan E. Dellinger
                                              Jeremy A. Tigan (#5239)
OF COUNSEL:                                   Megan E. Dellinger (#5739)
                                              1201 North Market Street
Aaron Stiefel                                 P.O. Box 1347
Daniel P. DiNapoli                            Wilmington, DE  19899
Michael Sapiro                                (302) 658-9200
ARNOLD & PORTER KAYE SCHOLER LLP              jtigan@morrisnichols.com
250 West 55th Street                          mdellinger@morrisnichols.com
New York, NY  10019-9710
(212) 836-8000                                *Attorneys for Plaintiffs*

Soumitra Deka
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA  94105-2933
(415) 836-2500

June 16, 2025